
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 6192 | **DATE** | 12/18/2001 |
| **CASE TITLE** | Linda Evans vs. Archie Williams et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We grant the defendants' motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1). All other pending motions, including the plaintiff's motion for a court order "to destroy property of 206 W. 112th Place," [9-1] are denied as moot. This case is terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 21 2001 date docketed | 15 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA courtroom deputy's initials | | 01 DEC 20 PM 3:15 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



LINDA EVANS,                        )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   Judge Wayne R. Andersen
                                    )
                                    )   No. 01 C 6192
ARCHIE WILLIAMS, MARSHA WILLIAMS,   )
AND ADVANTA MORTGAGE CORP.          )
                                    )
                Defendants.         )

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendants to dismiss the complaint filed by plaintiff Linda Evans for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, we grant the defendants' motion to dismiss.

## BACKGROUND

On August 13, 2001, the plaintiff, Linda Evans, filed a *pro se* complaint naming Archie and Marsha Williams and Advanta Mortgage as defendants. In her complaint, Evans alleges that the Williams, her neighbors of more than twenty-five years, participated in a conspiracy to inflict emotional distress upon her by allowing an individual named Roosevelt Keneard to reside on their property and continuously harass her. She also alleges that the Williams engaged in numerous instances of tortuous activity by neglecting their property and thus facilitating the decline in the value of the surrounding properties (including the allegation that "dead body parts were found" in the yard); by throwing "waste" from the second floor of the building, causing dirt

1



particles to form in the air; and by breaking police tape that was placed on an unidentified and allegedly unsafe building.

With respect to Advanta Mortgage, Evans alleges that it "[s]ubmitt[ed] a fraudulent mortgage, on a building that doesn't match the address listed on the public records and being in conjunction with Archie and Marsha Williams." She further contends that Advanta Mortgage should be held liable for not investigating the history of the property to determine its true value and whether it was in an unsafe condition.

For these alleged actions, Evans seeks, *inter alia*, $2.3 million in damages. She asserts that this Court has jurisdiction over this matter because it involves violations of her "civil and constitutional rights, to live in peace and peace of mind."

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(1), the Court must accept all well-pled facts as true and "draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001) (citing *Rueth v. United States Envtl. Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993)). "[I]n reviewing a *pro se* complaint, we must employ standards less stringent than if the complaint had been drafted by counsel." *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995). "However, this does not mean that we will fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). The plaintiff in a civil case is responsible for demonstrating that "diversity or federal question jurisdiction exists." *Minor v. Prudential Services, Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996).

## I. Lack of Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts may assert jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. To establish federal question jurisdiction in this case, Evans must show either: 1) that a federal statute grants the court jurisdiction; or 2) that there is common law jurisdiction to a "uniquely federal interest," which would be frustrated by the "application of state law." *Northrop Corp. v. AIL Systems, Inc.*, 959 F.2d 1424, 1426-27 (7th Cir. 1992). In this case, the defendants correctly argue that the plaintiff's claim should be dismissed for lack of subject matter jurisdiction. In her complaint, Evans has identified absolutely no federal statute or constitutional provision that has been violated. While it is true that Evans claims this Court has jurisdiction as a result of perceived violations to her "civil and constitutional rights," that contention is belied by the arguments raised in the section of the complaint entitled "Why This Lawsuit [Is] Being Filed." In that portion of the complaint, Evans argues that the Williams engaged in a conspiracy to commit the state law tort of intentional infliction of emotional distress, that the Williams are liable for violating the "neglect tort", that the Williams are liable for violations of the Chicago Building Code, and that Archie Williams "should get jail time for breaking off sheriff's seals for an un-safe building." (Complaint at 5.) Significantly, not one of these allegations implicates a federal statute or a provision of the United States Constitution.

As for Advanta Mortgage, Evans alleges that it is liable for filing an improper mortgage and not properly performing title searches on the properties it mortgaged. Again, even assuming that Evans has properly stated a claim against Advanta, the causes of action she purports to prosecute are inherently based in state law rather than federal law. There is absolutely no nexus

3

between the allegations in her complaint and "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, we conclude there is no federal question jurisdiction present in this case.

## II. Lack of Diversity Jurisdiction

Federal courts also have original jurisdiction over civil actions when the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). To assert diversity jurisdiction under section 1332 of the U.S. Code, however, diversity must be complete. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015 (1990). It is well settled that, in order to satisfy the requirement of "complete diversity," a plaintiff in federal court must demonstrate that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467 (1996) (emphasis added); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780 (1945) (party seeking to invoke a district court's diversity jurisdiction has the burden of proving that complete diversity exists between the parties).

In the instant case, there really is no dispute that Evans has failed to establish complete diversity between the parties. As the plaintiff, she has alleged that she resides at 208 W. 112th Place, Chicago, Illinois. In her complaint, she has pled that the Williams reside in the property adjacent to her at 206 W. 112th Place, Chicago, Illinois. Evans has made no allegation regarding the citizenship of Advanta Mortgage. Taking all the assertions in her complaint as true, we cannot escape the conclusion that both Evans and the Williams reside in the state of Illinois (not to mention right next door to each other). This fact alone destroys complete diversity of citizenship amongst the parties. Therefore, the defendants have correctly argued that this Court

lacks both federal question jurisdiction and diversity jurisdiction to hear Evans' complaint. Accordingly, the complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, we grant the defendants' motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). All other pending motions, including the plaintiff's motion for a court order "to destroy property of 206 W. 112th Place," are denied as moot. This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: 12-18-01